UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTEO CUEVAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-31 |
| | § | |
| BAC HOME LOANS SERVICING, LP, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs Timoteo Cuevas and Eva Cuevas's Motion to Remand (Doc. 4), as well as Defendants BAC Home Loans Servicing, LP, Countrywide Home Loans of Texas, Inc., and Countrywide Home Loans, Inc.'s response (Doc. 10) and Plaintiffs' reply (Doc. 14). Also pending before the Court is Defendants' Consolidated Motion to Dismiss and Motion for More Definite Statement (Doc. 3), as well as Plaintiffs' response (Doc. 9) and Defendants' reply (Doc. 11). Upon review and consideration of these motions, the responses and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' Motion to Dismiss should be granted in part and denied in part and Plaintiffs' Motion to Remand should be granted.

I. Background and Relevant Facts

This is a wrongful foreclosure case. Defendants serviced the loan on the Cuevases' home at 19705 Oaka Court in Porter, Texas. (Doc. 1-11 at 2; Doc. 10 at 5.) The Cuevases failed to pay their 2008 property taxes. (Doc. 1-11 at 2.) On January 21, 2009, Defendants informed the Cuevases of their default, identified the amount owed as $4,173.48, and offered the Cuevases the opportunity to cure by February 20, 2009. (*Id.*) The Cuevases allege that they mailed a cashier's

check for the full amount due by the stated deadline, but that Defendants refused to accept the payment and subsequently commenced foreclosure on their home without notice. (*Id.* at 2–3.) The Cuevases further allege that Defendants purchased the Cuevases' home at the foreclosure sale and later offered to resell it back to them at a profit. (*Id.*)

On April 29, 2009, the Cuevases filed their Original Petition in the 9th Judicial District Court of Montgomery County, Texas. (Doc. 1-2.) On May 6 and May 15, 2009, Plaintiffs' Temporary Restraining Orders were signed by the state court. (Doc. 4-1.) On June 19, 2009, the state court signed an Agreed Temporary Injunction. (Doc. 4-2.) On December 18, 2009, Plaintiffs filed their first amended petition for a declaratory judgment, violations of the Truth In Lending Act ("TILA"), 21 U.S.C. § 1601 *et seq.*, negligence, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Debt Collection Practices Act, unreasonable collection efforts, fraud, fraudulent inducement, and slander of title. (Doc. 1-11.) On January 5, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332(a), 1367(a), and 1441. (Doc. 1.) Plaintiffs now move for remand to state court (Doc. 4) and Defendants move for dismissal (Doc. 3).

II. Standard of Review

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, defendant may remove a case only if the plaintiff could have originally initiated the suit in federal court. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing 28

U.S.C. § 1441(b)).  Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Whether a claim arises under federal law is generally determined by the "well-pleaded complaint" rule.  *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, the district court must be certain that federal subject matter jurisdiction is proper before entertaining any motions.  *See, e.g., Akhaghi v. Berry*, 294 F. Supp. 2d 1238 (D. Kan. 2003).  Finally, it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 811 (1986).

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).  Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ."  28 U.S.C. § 1446(a).

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Removal statutes are construed "strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941).  All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  All factual allegations are evaluated in the light most favorable to the plaintiffs.  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).  A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face.  *Id.* at 569.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  *Id.*  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a

motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). However, the "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "[T]he burden of demonstrating fraudulent joinder is a heavy one[.]" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). In the Fifth Circuit, there are two recognized way to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005) (internal quotation omitted). Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Plaintiffs argue that the Court lacks subject matter jurisdiction because the parties are not completely diverse. Defendants contend that Plaintiffs improperly joined Defendant Countrywide Home Loans of Texas, Inc. to destroy diversity. (Doc. 1 at 4; Doc. 10 at 9.) The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Countrywide Home Loans of Texas, Inc., the in-state defendant. *Smallwood*, 385 at 573. Defendants urge that Plaintiffs cannot recover from Countrywide Home Loans of Texas because that entity never serviced the Plaintiffs' home loan and because Countrywide Home Loans of Texas, "although it still exists, [] is an inactive corporation, and was inactive at all times relevant to this litigation." (Doc. 1 at 4.) Devra Lindgren, vice-president and assistant corporate secretary of Bank of America, N.A., testified that "Countrywide Homes Loans of Texas, Inc. never serviced loans . . . for plaintiff or anyone else. The entity existed for the purpose of originating loans, and performed only that function." (Doc. 10-4 at 3.) Plaintiffs respond that at the time they "filed suit on April 29, 2009, the Texas Secretary of State's records show[ed] that the corporation was 'in existence' and 'in use.'" and that their complaint makes no distinction between the origination and later servicing of their home loan. (Doc. 4-3 at 1.) The Court agrees. Defendants' attempt to distinguish between originating and servicing loans is insufficient to meet their burden of showing the inability of Plaintiffs to establish a cause of action against Countrywide Home Loans of Texas, Inc. and therefore joinder was not improper.

Further, as Plaintiffs point out, Defendants had thirty days from the time they learned of the allegedly fraudulent joinder to file their notice of removal. Countrywide Home Loans of Texas, Inc. was named as a defendant in Plaintiffs' original petition filed on April 29, 2009, yet Defendants did not remove the case until January 5, 2010. Defendants' removal under the

fraudulent joinder doctrine was therefore untimely.

Absent diversity jurisdiction, Defendants point to Plaintiffs' single cause of action under federal law and ask that the Court "exercise its supplemental jurisdiction over Plaintiffs' state law claims under § 1367(a)." (Doc. 1 at 2.) For the Court to exercise supplemental jurisdiction over state law claims, the "state and federal claims must derive from a common nucleus of operative facts." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "If a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in the federal courts to hear the whole." *Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 42 F.3d 641, *2 (quoting *United Mine Workers of Am.*, 383 U.S. at 725) (internal quotation omitted) (emphasis in the original). Here, Plaintiffs' claims all stem from their allegation of wrongful foreclosure and therefore clearly share a "common nucleus of operative facts."

Nevertheless, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Fifth Circuit addressed this issue in *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 461 F.3d 568 (5th Cir. 2006):

> Our inquiry starts with the mandatory nature of 28 U.S.C. § 1367(a), which provides that a district court "shall" have supplemental jurisdiction over claims "so related to" claims within the court's original jurisdiction. Yet § 1367(a)'s command is moderated by the factors provided in 28 U.S.C. § 1367(c), which allow a district court to decline supplemental jurisdiction under certain circumstances. In consideration of these factors, we have stated that it is our "general rule" that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case.

*Id.* at 578 (citing *Parker & Parsley Petroleum Co.*, 972 F.2d at 585 (5th Cir. 1992); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

Plaintiffs' single federal claim is brought under the Truth in Lending Act and its underlying regulations, codified at 12 C.F.R. § 226.36(c). (Doc. 1-11 at 5.) Specifically, Plaintiffs allege that Defendants "committed a statutory violation by imposing a late charge on a consumer in connection with the receipt of payment when the only delinquency is attributable to a late fee or delinquency charge assessed on an earlier payment, and the current payment is otherwise a full payment made on or before its due date or within an applicable grace period." (*Id.*) This allegation references § 226.36(c)(ii), which forbids loan servicers from

> [i]mpos[ing] on the consumer any late fee or delinquency charge in connection with a payment, when the only delinquency is attributable to late fees or delinquency charges assessed on an earlier payment, and the payment is otherwise a full payment for the applicable period and is paid on its due date or within any applicable grace period[.]

In essence, § 226.36(c)(ii) prohibits mortgage servicers from "pyramiding" late fees by subtracting from a borrower's timely payment a late fee simply because the borrower has not paid a previous late fee, and then charging an additional late fee. *See* 12 C.F.R. § 226.36(c)(ii); *see also* Federal Trade Comm'n, The Credit Practices Rule at 2[1] (Nov. 1992) (explaining the prohibition on late fee pyramiding). Section 226.36(c) does not, however, prohibit a mortgage servicer from charging a borrower who misses a monthly payment a late fee on all subsequent payments until the borrower cures the delinquency. *Id.* (explaining that "if you skip one month's payment entirely, the creditor can charge late fees on all subsequent payments until you bring your account up to date."

Plaintiffs' amended complaint fails to plead any facts in support of their "pyramiding" claim. (Doc. 1-11 at 5.) The petition fails to allege any particular instance when Plaintiffs made a timely payment and were nevertheless charged a late fee after failing to pay a late fee resulting from an earlier untimely payment. Further, Plaintiffs' response to Defendants' motion to dismiss

---

[1] Available at http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre12.pdf.

still fails to make any specific allegations.  (Doc. 9 at 4.)  Therefore, Plaintiffs' TILA claim must be dismissed.  As this is the only claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendants BAC Home Loans Servicing, LP, Countrywide Home Loans of Texas, Inc., and Countrywide Home Loans, Inc.'s Consolidated Motion to Dismiss and Motion for More Definite Statement (Doc. 3) is GRANTED IN PART and DENIED IN PART as MOOT.  Plaintiffs' claim for violation of the Truth In Lending Act is DISMISSED with PREJUDICE.

The Court further ORDERS that Plaintiffs Timoteo Cuevas and Eva Cuevas's Motion to Remand (Doc. 4) is GRANTED and the case is REMANDED to the 9th Judicial District Court of Montgomery County, Texas, where it was numbered 09-04-04244-CV.

SIGNED at Houston, Texas, this 27th day of September, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE