UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTEO CUEVAS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:10-CV-31 |
| § | |
| BAC HOME LOANS SERVICING, LP; fka § | |
| COUNTRYWIDE HOME LOANS § | |
| SERVICING, L.P., *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Defendants BAC Home Loans Servicing, LP (formerly known as Countrywide Home Loans Servicing, LP), Countrywide Home Loans of Texas, Inc., and Countrywide Home Loans, Inc.'s ("Defendants") motion to dismiss Plaintiffs Timoteo and Eva Cuevas' second amended complaint.[1] Doc. 44. Defendants contend that Plaintiffs' claims "fail[] as a matter of law and [are] otherwise deficiently pleaded." *Id.* In the alternative, Defendants move for a more definite statement of Plaintiffs' claims. Plaintiffs have responded to that motion (Doc. 47), Defendants have filed their reply (Doc. 48), and Plaintiffs have filed their own surreply (Doc. 51).

Having considered the motion, the facts of this case, and the relevant law, the Court grants Defendants' motion to dismiss with respect to Plaintiffs' claims for negligence, claims under the Texas Deceptive Trade Practices Act[2] ("DTPA"), claims under the Texas Debt

---

[1] Countrywide Home Loans of Texas, Inc., named as a Defendant in Plaintiffs' original petition, is also listed as a moving Defendant in the motion. On appeal from the Court's previous order granting Defendants' motion to remand, the Fifth Circuit Court of Appeals reversed the Court's ruling and found that "the Cuevases have no possibility of recovery against the in-state defendant [Countrywide of Texas]" and that Countrywide of Texas therefore was improperly joined in the case. The term "Defendants" throughout this opinion therefore refers only to Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP.

[2] TEX. BUS. & COM. CODE § 17.41-63.

Collection Practices Act,[3] ("DCPA") except for their claim for fraudulent, deceptive, or misleading representations in the course of debt collection under Section 392.304 of that Act, and claims for the common law tort of unreasonable collection efforts. The Court denies Defendants' motion to dismiss with respect to Plaintiffs' claim for fraudulent, deceptive, or misleading representations in the course of debt collection under Section 392.304 of the DCPA and for fraud or fraudulent inducement.

## I. Background

As alleged in Plaintiffs' second amended complaint, the Cuevases financed their purchase of a home with a mortgage obtained from the Defendants. Doc. 43 at 2. On January 21, 2009, a Countrywide entity sent the Cuevases a letter informing them that they had defaulted on their 2008 property tax payment and offered them the right to cure by February 20, 2009. *Id.* The Cuevases allege that they sent a cashier's check for $4173.48, the total due, by the stated deadline. *Id.*

The Cuevases allege that, despite their timely payment, Defendants wrongfully refused to accept the payment. *Id.* The Cuevases continued to communicate with Defendants and made good-faith efforts to cure their default status, but Defendants began foreclosure proceedings and sold the Cuevases' home without providing notice. *Id.*

On April 29, 2009, the Cuevases sued Defendants in Texas state court, alleging state law claims under the DTPA, DCPA, and common law claims for negligence, unreasonable collection efforts, fraud, fraudulent inducement, and slander of title. Doc. 1-2. On December 18, 2009, the Cuevases amended their complaint to include a claim under the Truth in Lending Act ("TILA"). Doc. 1-11. *See* 15 U.S.C. §§ 1601–1667f. Defendants removed the case to this Court on the grounds of the Court's federal question jurisdiction and diversity jurisdiction. Doc. 1. Defendants

---

[3] TEX. FIN. CODE § 392.001 *et seq.*

asserted that diversity jurisdiction existed because the non-diverse Defendant, Countrywide Home Loans of Texas, Inc., was fraudulently joined and therefore that complete diversity existed between the parties. On Janury 14, 2010, Defendants filed a Rule 12(b)(6) motion to dismiss the Cuevases' amended petition for failure to state a claim for which relief could be granted and on January 20, 2010, Plaintiffs filed a motion to remand in which they asserted that Defendants had not timely removed the case to federal court and had failed to carry their burden of showing that joinder was improper. This Court issued an opinion on September 27, 2010, granting Defendants' motion to dismiss Plaintiffs' TILA claim. Doc. 21. Because the Court found that it did not have diversity jurisdiction over the parties and because it had dismissed the sole federal claim in the case, the Court declined to exercise its supplemental jurisdiction and remanded the case to state court. *Id.*

Defendants timely appealed the grant of the motion to remand to the Fifth Circuit, which found that the Defendants had carried their burden of showing improper joinder of Countrywide of Texas and reversed this Court's remand. Doc. 32. Plaintiffs did not appeal from the Court's order dismissing their TILA claim, and that claim therefore remains dismissed.

After the Fifth Circuit remanded the case to this Court, Plaintiffs filed a second amended complaint against Bank of America, N.A., and Countrywide Loans, Inc. Doc. 43. Defendants now have moved to dismiss the second amended complaint for failure to state a claim on which relief can be granted or, in the alternative, for a more definite statement. Doc. 44.

II. Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such pleading, however, varies from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir.2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724.

Precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elecs.*, 343 F.3d at 724. "Claims alleging violations

of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

III. Analysis

A. Negligence

The Cuevases have asserted a claim for negligence arising out of the Defendants' purported failure to exercise due care "in taking care of its customers." Doc. 43 at 4. In further support of their claim, Plaintiffs rely on the Texas Supreme Court's decision in *Southwestern Bell Telephone v. Delanney*, which, Plaintiffs contend, stands for the principle that every contract is accompanied by "a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agree to be done" and that "negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." 809 S.W.2d 493, 494 (Tex. 1991).

Plaintiffs' counsel's egregiously misrepresents the Court's decision. In *Delanney*, the Texas Supreme Court found that the quoted language, taken from the Second Edition of American Jurisprudence and relied on by the majority in the Court of Appeals,[4] did not reflect accurately Texas law concerning the obligations imposed by tort law on contracting parties. *Id.* The Court in *Delanney* reflected on the genesis in Texas law of these tort obligations in *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 157, 204 S.W.2d 508, 510 (1947):

> "In *Scharrenbeck*, the defendant agreed to repair a water heater in plaintiff's home. A short time after repair, the heater ignited the roof, destroying the house and its contents. Although the contract obligated the defendant to put

---

[4] *Southwestern Bell Telephone Co. v. Delanney*, 762 S.W. 2d 772 (Tex.App.--Texarkana 1988)

the water heater back in good working order, the law also implied a duty to the defendant to act with reasonable skill and diligence in making the repairs so as not to injure a person or property by his performance. In failing to repair the water heater properly, the defendant breached its contract. In burning down plaintiff's home, the defendant breached a common-law duty as well, thereby providing a basis for plaintiff's recovery in tort."

*Delanney* at 494.

The Court went on to summarize the general principles distinguishing tort duties from those arising from contracts:

> "If the defendant's conduct . . . would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract.
>
> . . .
>
> In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract."

*Id.* (citing W. KEETON, *et al.*, PROSSER AND KEETON ON THE LAW OF TORTS § 92 (5th Ed. 1984).

Here, the benefit that Plaintiffs sought, and the right they claim they were denied, was the just and proper administration of their mortgage contract with Defendants. That benefit and that right arose solely as an incident to the mortgage contract and the harm they suffered was in the allegedly inadequate and unlawful administration thereof. Thus, their claim is on the contract, and not in tort law, and their claim for negligence must be dismissed.

### B. Texas Deceptive Trade Practices Act Claim

The Plaintiffs also allege that Defendants' actions constitute violations of the DTPA, which prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." TEX. BUS. & COM. CODE ANN. § 17.46 (West 2007). Defendants correctly argue that Plaintiffs are not "consumers" under the DTPA and do not, therefore, satisfy the requirements to

bring a cause of action under that Act. Doc. 44 at 6.

"To maintain a DTPA cause of action, the claimant must establish that (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex.App.-Fort Worth 2007, pet. denied).

"Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Id.* at 160. Courts have held that "subsequent actions related to mortgage accounts–for example, extensions of further credit or modifications of the original loan–do not satisfy the 'good or services' element of the DTPA." *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2011 WL 1428904, at *4 (N.D.Tex. Apr.13, 2011). *See, e.g., Montalvo v. Bank of Am. Corp.*, No. 5-10-cv-360-XR, 2012 WL 1078093, at *7–11 (W.D.Tex. Mar.30, 2012) (holding that a person seeking a mortgage-loan modification was not a consumer under the DTPA); *Cavil v. Trendmaker Homes, Inc.*, No. 3-10-cv-304, 2010 WL 5464238, at *4 (S.D.Tex. Dec.29, 2010) (stating that "a mortgage or modification of a mortgage is not a good or a service under the DTPA").

Although Plaintiffs contend that obtaining a mortgage was "incidental" to the purchase of real property, i.e. their home, they neither purchased their home from Defendants nor does it appear from the record that any relationship existed between the Defendants and the seller of the house. The relationship between Plaintiffs and Defendants was one for the provision of credit, not for the purchase of a good or service. Plaintiffs therefore have failed to demonstrate that they are "consumers" within the meaning of the DTPA and their DTPA claims must be dismissed.

C. Texas Debt Collection Practices Act Claims

Plaintiffs allege that Defendants violated the DCPA when they "[u]sed threatening or coercive methods to collect a debt; . . . [h]arassed or abused Plaintiffs to collect a debt; . . . [u]sed unfair or unconscionable means to collect a debt; . . . [m]ade fraudulent, deceptive, or misleading representations to collect a debt; and . . . [u]se[d] . . . an independent debt collector when it knew the independent debt collector repeatedly or continuously engaged in conduct prohibited under the Debt Collection Act." Doc. 43 at 6-7 (citing TEX. FIN. CODE ANN. § 392.301-04, .306 (West 1997)). Defendants contend that Plaintiffs "fail to plead any supporting factual allegations" and that their DCPA claims therefore must be dismissed. Doc. 44 at 8. With respect to Plaintiffs' claims under § 392.301, .302, .303, and .306, the Court agrees.

The Plaintiffs have not alleged any facts indicating that Defendants made any threats or used coercion, harassed or abused Plaintiffs, used unfair or unconscionable means to collect a debt as those terms are defined by the Act,[5] nor that Defendants used an independent debt collector. Plaintiffs did, however, claim that Defendants represented that Plaintiffs owed $4173.48 in back taxes, offered Plaintiffs the right to cure the default by a certain date, and, despite the fact that Plaintiffs provided that amount by the required date, proceeded to foreclose on the Cuevases' home, presumably while representing in foreclosure proceedings that the Cuevases were in default. Doc. 43 at 2-3. The Cuevases also alleged that Defendants represented to the Cuevases that "their loan was undergoing a workout type modification to include the amounts in arrears" and that Defendants would not initiate foreclosure proceedings. *Id.* These facts, taken as true, state a claim under § 392.304(a)(8): "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." The Cuevases allege that Defendants misrepresented the character,

---

[5] Section 393.303(a)(1-3).

extent, or amount of their debt when they informed the Cuevases that payment of $4173.48 would cure their default and subsequently that the payment *had* cured their default and committed a second misrepresentation when Defendants foreclosed on the Cuevases' home despite the Cuevases having cured their default, thereby misrepresenting the debt's status in a judicial or governmental proceeding.

Plaintiffs' claims under the DCPA are therefore dismissed with the exception of their claim under § 392.304(a)(8).

### D. Unreasonable Collection Efforts

Plaintiffs assert a claim under the common law tort of unreasonable collection efforts. Doc. 43 at 7. Plaintiffs contend that Defendants engaged in debt collection "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex.App.–Dallas 2008, no pet.) (citing *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844 (Tex.Civ.App.-Waco 1967, writ ref'd n.r.e.). Although Plaintiffs have alleged that the Defendants engaged in debt collection and that Plaintiffs suffered mental anguish as a result thereof, Plaintiffs have not alleged that Defendants engaged in a "course of harassment," nor that Defendants' efforts were "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Id.* Plaintiffs have stated no facts indicating any willfulness, wantonness, nor malice, nor any intent on the part of Defendants to do anything more than collect a debt. Because Plaintiffs have failed to state facts supporting this essential element of their DCPA claim, it must be dismissed. If Plaintiffs can allege facts adequately supporting their DCPA claim, the Court may entertain a motion to amend their complaint and therefore dismisses this claim without prejudice.

E. Fraud

The Cuevases lastly state a claim for fraud or fraudulent inducement on the grounds that the Defendants "fraudulently represented to Plaintiffs that because of the loan modification, Plaintiffs' residence was not going to be foreclosed." Doc. 43 at 8. Defendants contend that Plaintiffs have failed to state a claim for fraud with the specificity required by Rule 9(b) or, in the alternative, that their claim for or fraudulent inducement is barred by the statute of frauds as an oral modification of a written loan. Doc. 44 at 10-11.

"Under Texas law, the elements of a fraud cause of action are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). These elements are subject to the heightened standards of Rule 9(b), which requires the Plaintiffs to state, with particularity, "the who, what, when, where, and how" of the claim. *Benchmark Elecs.*, 343 F.3d at 724.

In their second amended complaint, Plaintiffs alleged that Defendants sent them a letter on January 21, 2009, "informing them of their default, identif[ying] the amount [the Cuevases] owed as $4173.48, and offer[ing] the right to cure by February 20, 2009." Doc. 43 at 2. Plaintiffs further alleged that, in response to and in reliance on that letter, they "sent a cashiers check for $4173.48 by the stated deadline," but that Defendants "wrongfully refused to accept the tendered payment." *Id.* Thereafter, Defendants sent the Cuevases a letter "stating that alternative would be made available to cure [the Cuevases] default status." *Id.* Plaintiffs then relied on that letter and subsequent oral representations that the Defendants would not proceed with a foreclosure sale.

Defendants nevertheless foreclosed on Plaintiffs' home on April 7, 2009. *Id.* at 3.

Taken as true, these allegations provide the "who, what, when, where, and how" of the purported fraud. *See Benchmark Elecs.*, 343 F.3d at 724. Contrary to the Defendants' statements that Plaintiffs "failed to establish any form of reliance" (Doc. 44 at 11), Plaintiffs' complaint indicates that they relied on Defendants' representations when they sent a cashier's check for the past-due amount. Plaintiffs also state that they "produced all documents requested by [Defendants]" (Doc. 43 at 3) and, presumably, failed to take immediate legal action.

Further, contrary to Defendants' claims that Plaintiffs' claims are based on "an unenforceable oral agreement to modify the loan in violation of the statute of frauds" (Doc. 44), Plaintiffs claim that Defendants sent *two* letters offering loan modifications. Doc. 43 at 2. The Court is also unconvinced that Plaintiffs' claims are based on a modification of an existing contract and not dealings squarely within the existing contract. As Plaintiffs state in their complaint, Defendants "sent the Cuevas family a letter informing them of their default, identif[ying] the amount [the Cuevases] owed as $4173.48, and offer[ing] the right to cure by February 20, 2009." Doc. 43 at 2. To the extent notice and opportunity to cure forms part of the mortgage agreement between the parties, Defendants were not offering a modification but were instead acting within the terms of the contract.

Because Plaintiffs' fraud or fraudulent inducement claims satisfy the pleading requirements of Rule 9(b), and because the statute of frauds does not bar Plaintiffs' claims, Defendants' motion to dismiss these claims is denied.

F. Declaratory Judgment

Finally, Defendants have moved to dismiss Plaintiffs' request for a declaratory judgment on the grounds that it "fails with the causes of action upon which plaintiffs purport to found it."

Doc. 44 at 13. Because the Court already has found that Plaintiffs have stated viable causes of action for fraud and under § 392.304(a)(8) of the DCPA, Defendants' argument is inapposite. Defendants' motion to dismiss Plaintiffs' request for declaratory relief on these causes of action is denied.

### G. Motion for More Definite Statement

As to Plaintiffs' remaining claims under the DCPA and for fraud, the Court finds that Plaintiffs have stated with sufficient clarity and particularity the alleged facts underlying their claims and that Defendants' motion for a more definite statement therefore should be denied.

### IV. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss and for a more definite statement (Doc. 44) is **GRANTED** in part and **DENIED** in part, as detailed in the body of the opinion.

SIGNED at Houston, Texas, this 19th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE