UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTEO CUEVAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-31 |
| | § | |
| BAC HOME LOANS SERVICING, LP; fka | § | |
| COUNTRYWIDE HOME LOANS | § | |
| SERVICING, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is The Collings Law Firm, PLLC's ("The Collings Law Firm," or "Intervenor") Motion to Intervene[1] (Doc. 63). Timoteo Cuevas and Eva Cuevas (collectively, "Plaintiffs") filed a Motion to Dismiss Intervention (Doc. 68), and Intervenor filed a Response (Doc. 70).

Having considered the parties' submissions, the facts in the record, and the applicable law, the Court finds that the Motion to Intervene should be granted as a matter of right and, therefore, the Motion to Dismiss Intervention should be denied.

I. Background

On April 20, 2009, Timoteo and Eva Cuevas entered a contingency fee agreement with The Collings Law Firm for legal representation. Letter of Engagement, Doc. 70-2. The Collings Law Firm began representing Plaintiffs in their case against BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, Countrywide Home Loans, Inc., and Countrywide

---

[1] Though The Collings Law Firm filed only a document titled "Verified Lien in Intervention" (Doc. 63), that document is the functional equivalent of a motion to intervene, as it put the existing parties on notice, and therefore will be considered as such. Plaintiffs' arguments in their Motion to Dismiss Intervention will be considered as a response in opposition.

Home Loans of Texas, Inc. (collectively, "Defendants"), filing a complaint in the 9th District Court of Montgomery, Texas, on April 29, 2009. Pls.' Original Petition, Doc. 1 Ex. 2. On January 5, 2010, the case was removed to this Court. Notice of Removal, Doc. 1.

Three years later, in October 2012, Plaintiffs retained substitute counsel, stating that "their current attorney of record has abandoned his representation of them and has engaged in conduct that has destroyed the trust and confidence associated with the attorney/client relationship." Mot. Substitute Counsel, Doc. 61. At the same time, Intervenor filed the Motion to Intervene currently pending before the Court.

## II. Legal Standard

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. Under this Rule, the intervening party must satisfy four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (quoting *Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999)). If the party successfully satisfies each condition, then it must be allowed to intervene. Fed. R. Civ. P. 24(a).

## III. Analysis

The only question is whether Intervenor meets all four requirements of Rule 24(a). If the answer is in the affirmative, then the matter is not one of judicial discretion but rather of the intervening party's right. The Court finds that Intervenor has indeed satisfied this standard.

Regarding the first requirement, timeliness, four factors are considered:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for

> leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Ford*, 242 F.3d at 239 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). The first two factors can be disposed of swiftly: the motion to intervene was filed on October 15, 2012, the very same day that Plaintiffs filed their motion to substitute counsel; in other words, the length of time involved could not have been shorter. The third factor has also been held in favor of intervention in cases involving discharged attorneys who had worked under contingency fee agreements. *See Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986) (finding that a discharged attorney, who had worked under a contingent fee contract, would not be able to protect his interest without intervention) (citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970)). Finally, no unusual circumstances exist either for or against the determination of timeliness. Therefore, in deciding the question of timeliness "from all the circumstances," *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001), it is clear that Intervenor has satisfied this first requirement.

The second requirement is that the applicant for intervention must have an interest relating to the property or transaction which is the subject of the action. "This interest must be 'direct, substantial, and legally protectable.'" *Sierra Club*, 18 F.3d at 1207 (alterations omitted) (quoting *Piambino v. Bailey*, 610 F.2d 1306, 1321 (5th Cir. 1980)). The Collings Law Firm's interest is spelled out in its letter of engagement with Timoteo and Eva Cuevas: "a contingent fee of forty percent (40%) of all value received by [Plaintiffs] on the Claims" in this action. Letter of Engagement 2; *see also Keith*, 806 F.2d at 526 (finding that "interests" are created under a contingent fee contract) (citing *Gaines*, 434 F.2d at 54). The second requirement has also been

satisfied.

Third, the applicant must be situated such that the disposition of the action may, as a practical matter, impair his ability to protect that interest. As already addressed, Intervenor would indeed suffer prejudice if intervention is denied. *See Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584, at *1 (5th Cir. 2000) (holding "that a firm with a contingency agreement is 'so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect that interest'") (quoting *Gaines*, 434 F.2d at 54). Specifically, The Collings Law Firm, which has a direct interest in the outcome of this action, would, at a minimum, have to wait and "initiate a subsequent action to collect the fees allegedly generated in the existing litigation." *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 416 (5th Cir. 1991). Intervention, on the other hand, would preclude any such inconvenience or impairment.

Finally, the last requirement is that the applicant's interests are inadequately represented by the existing parties. The applicant's burden in establishing this element is "minimal": "The potential intervener need only show that the representation *may be* inadequate." *John Doe No. 1*, 256 F.3d at 380. Here, the showing far exceeds that minimal standard. The Collings Law Firm served as Plaintiffs' representative and now claims a fee based on the amount recovered from Defendants; Defendants, therefore, by definition cannot represent Intervenor's interests. Plaintiffs, on the other hand, substituted Intervenor with another attorney due to a loss of trust and confidence and now oppose intervention, asserting that The Collings Law Firm does not, in fact, have an interest in this action, *see* Mot. Dismiss Intervention ¶¶ 2-3; Plaintiffs likewise do not represent Intervenor's interests. The fourth requirement is easily satisfied.

In summary, the Court *must* permit intervention as a matter of right under Rule 24(a) when an applicant for intervention meets each of the four requirements of the rule. *Skinner*, 220

F.3d at *1 (quoting *Keith*, 806 F.2d at 526). Having met each of the requirements, The Collings Law Firm is, therefore, entitled to intervene.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Intervenor's Motion to Intervene is GRANTED; it is further

ORDERED that Plaintiffs' Motion to Dismiss Intervention is DENIED; it is further

ORDERED that that this case is REFERRED to Magistrate Judge Frances Stacy for entry of an updated Order for Initial Pretrial and Scheduling Conference.

SIGNED at Houston, Texas, this 22nd day of January, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE